THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:14-cv-00007-MR-DLH

DIAMOND FALLS ESTATES, LLC, )
SHIRLEY M. BUAFO, and CHARLES K. )
BUAFO, )
)
                    Plaintiffs, )
)
                    vs. )       **O R D E R**
)
NANTAHALA BANK & TRUST COMPANY, )
LUXUR, INC., STEVE E. GRAVETT, )
EXCELL PARTNERS, LLC, REALTY )
ACQUISITIONS, LLC, and JOHN/JANE )
DOES, )
)
                    Defendants. )
_____ )

**THIS MATTER** is before the Court on the Plaintiffs' Emergency Motion for Stay Pending Appeal [Doc. 117].

**I.    PROCEDURAL BACKGROUND**

The Plaintiffs Diamond Falls Estates, LLC, Shirley M. Buafo, and Charles K. Buafo brought this action against the Defendant Nantahala Bank & Trust Company (the "Bank") and others[1], asserting various claims arising

---

[1] Over the course of the litigation, the other named defendants were dismissed from this action, leaving the Bank as the only remaining defendant.

from a real estate acquisition and development loan made by the Bank to the Plaintiffs. [Doc. 1-1]. On September 8, 2015, the Court granted the Bank's motion for summary judgment [Doc. 114] and entered a judgment in favor of the Bank in the amount of $2,725,989.42, plus interest and attorney's fees. [Doc. 115].[2] The Plaintiffs then filed the present motion, seeking a stay of execution of the judgment without the requirement of a supersedeas bond pending final resolution of the appeal to be filed in this matter.[3] [Doc. 117].

The Bank opposes the Plaintiff's motion, arguing that the Plaintiffs have failed to demonstrate that a stay is warranted or that anything less than a full supersedeas bond would adequately preserve the status quo and protect the Bank's rights during the appeal. [Doc. 122].

Having been fully briefed, this matter is now ripe for disposition.

## II. DISCUSSION

Rule 62(d) of the Federal Rules of Civil Procedure provides, in pertinent part, that where an appeal is taken, the appealing party "may obtain a stay by supersedeas bond." Fed. R. Civ. P. 62(d). Rule 62(d) makes clear that when a supersedeas bond is posted, the appellant "is entitled to the stay

---

[2] The Court entered an Amended Judgment on September 29, 2015. [Doc. 118].

[3] The Plaintiffs filed their Notice of Appeal on October 7, 2015. [Doc. 119].

as a matter of right." Kirby v. Gen. Elec. Co., 210 F.R.D. 180, 194 (W.D.N.C. 2000). When a party seeks a stay without the filing of a supersedeas bond, the issuance of a stay is a matter within the Court's discretion. Se. Booksellers Ass'n v. McMaster, 233 F.R.D. 456, 458 (D.S.C. 2006).

Before deciding whether to exercise its discretion in granting a stay without a bond, the Court first must determine whether a stay is warranted. Id. at 458. In making this determination, the Court should consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies.

Id. at 458 (quoting Kirby, 210 F.R.D. at 195). The party moving for the stay bears the burden of persuasion with respect to these factors. ABT, Inc. v. Juszczyk, No. 5:09CV119-RLV, 2012 WL 117142, at *1 (citing Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970)).

With respect the first factor, the Plaintiffs simply direct the Court to their summary judgment filings. [Doc. 117-1 at 3]. The Plaintiffs fail to explain, however, how these pleadings would support a finding that they are likely to succeed on the merits of their appeal, especially where the Court rejected

3

these very arguments in ruling in favor of the Bank. Accordingly, the first factor does not weigh in favor of the Plaintiffs.

As for the second factor, the Plaintiffs argue that the Bank may foreclose on the Plaintiffs' properties, thereby intimating that a lien on collateral associated with the underlying debt is a sufficient substitute for a full supersedeas bond. [See Doc. 117-1 at 3-4]. The possibility of an alternative to a full bond, however, is not evidence of any irreparable injury on the part of the Plaintiffs. Accordingly, this factor does not weigh in favor of the requested relief.

As for the third factor, the Court finds that the Bank stands to suffer substantial injury if a stay were permitted without the filing of a full supersedeas bond. As set forth in the Affidavit of Tim Hubbs [Doc. 122-1], the Defendant Bank is a relatively small entity, with assets at 4% of the average assets of other North Carolina banks. The Bank has not received payments on the loan and guaranties at issue for more than two years, and it has incurred significant expense related to the defense of this lawsuit and the prosecution of its counterclaims. Furthermore, the Bank is required under federal banking requirements to classify the loan as a nonperforming asset, which adversely affects its asset quality rating. Finally, with respect to the public interest factor, the Court finds that this consideration does not

weigh strongly in favor of either party and is therefore neutral. For all of these reasons, the Court finds that the relevant factors weigh in favor of denying the requested stay.

Even where a stay is warranted, however, the Court must nevertheless exercise its discretion in determining whether the stay should be allowed with anything less than a full supersedeas bond. "In determining whether to issue a stay pending appeal on the basis of less than a full bond, a district court should act to 'preserve the status quo while protecting the non-appealing party's rights pending appeal.'" Alexander v. Chesapeake, Potomac and Tidewater Books, Inc., 190 F.R.D. 190, 193 (E.D. Va. 1999) (quoting in part Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979)). While this principle is generally satisfied only by the posting of a full bond, courts have recognized that

> a full bond may not be necessary in either of two polar circumstances: (i) when the judgment debtor can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal, and (ii) when the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden.

Alexander, 190 F.R.D. at 193 (citation and internal quotation marks omitted); Kirby, 210 F.R.D. at 195. In either case, the Court still need not require a full

5

supersedeas bond, so long as the Court finds "some other way to make the judgment creditor as well off during the appeal as it would be if it could execute at once, but not better off." Kirby, 210 F.R.D. at 195 (internal quotation marks and citation omitted).

In the present case, the Plaintiffs have failed to demonstrate that they can easily meet the judgment or that they will maintain the same level of solvency during the appeal. While the Plaintiffs contend that the "Defendant's Judgment is fully secured by the Diamond Falls Property and Plaintiff's Florida Condo" [Doc. 117-1 at 4], they offer no actual evidence as to the current value of that collateral. They also have failed to show that this collateral is likely to maintain its value during the pendency of the appeal. Alternatively, the Plaintiffs have offered no evidence of their present financial condition to show that the posting of a full bond would impose an undue financial burden on them. For all of these reasons, the Court in the exercise of its discretion denies the Plaintiffs' request for the imposition of a stay pending appeal without the posting of a supersedeas bond.

The Plaintiffs may still elect to post a full supersedeas bond as required by Rule 62(d). Unless and until such bond is posted, however, execution on the judgment may proceed.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Emergency Motion for Stay Pending Appeal [Doc. 117] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 22, 2015

Martin Reidinger
United States District Judge